THOMAS P. GILMORE, plaintiff in error *v.* JOHN BALLARD,
defendant in error.

*Error to Clay.*

A bill of exceptions will not lie to the final judgment of a Circuit Court, where
the cause is tried by the Court without the intervention of a jury.
A bill of exceptions cannot be taken unless the exception be made on the trial,—
and it lies for receiving improper or rejecting proper testimony, or deciding
incorrectly a point of law.
The course to be pursued in a case tried by the Court without a jury, where the
defendant supposes that the plaintiff has failed to support his action, is to move
the Court to non-suit the plaintiff, or to demur to the testimony.  If he does
neither, and goes on and gives evidence, the office of the judge is then completely
merged into that of a juror, and his decision, if wrong, can only be reviewed in
the same manner as the wrong verdict of a jury, to wit, by application for a new
trial.

THIS cause was tried at the May term, 1836, of the Clay
Circuit Court, before the Hon. Justin Harlan, and a judgment for
$39,60 rendered for the plaintiff in the Court below, the defendant
in error.

LEVI DAVIS and FERRIS FORMAN, for the plaintiff in error,
cited 1 Chit. Plead. 137; 2 Selwyn's N. P. 520; 12 East 614;
13 East 522; 6 East 614; 11 East 210 *et passim.*

LOCKWOOD, Justice, delivered the opinion of the Court :

This was an action of *trover* brought by Ballard against Gil-
more in the Clay Circuit Court, to recover the value of a quan-
tity of corn alleged to have been taken and converted by
Gilmore.  The defendant below pleaded not guilty, and the
cause was, by consent of the parties, tried by the Court, without
the intervention of a jury.  After all the evidence had been
adduced both on the part of the plaintiff below, and the defend-
ant, the defendant moved the Court for a judgment against the
plaintiff, on the ground that there was no delivery of the corn by
Richardson (a former owner of the corn) to the plaintiff, which
motion the Court overruled, and gave judgment for the plaintiff
for the value of the corn.  To this opinion of the Court the de-
fendant below excepted.

The only point that it is necessary for the Court to decide, is,
whether after both parties have given testimony in a cause tried

by the Court without a jury, either party can except to the judgment of the Court? This Court in the case of Clemson *v.* Kruper,(1) correctly lay down the rule that a bill of exceptions cannot be taken unless the exception be made on the trial,—and it lies for receiving improper or rejecting proper testimony, or deciding incorrectly a point of law. In the present case, the bill of exceptions was taken to the judgment of the Court upon the facts given in evidence by the parties.—The course to be pursued in a case tried by the Court without a jury, is clearly pointed out in the case of Swafford *v.* Dovenor,(2) decided at the December term, 1834, of this Court. Whenever the defendant supposes that the plaintiff has failed to support his action, he should move the Court to nonsuit the plaintiff, or demur to the testimony. If he does neither, and goes on and gives evidence, the office of the judge is then completely merged into that of a juror. He has only to decide upon the weight of testimony; and his decision, if wrong, can only be reviewed in the same manner as the wrong verdict of a jury, to wit, by application for a new trial, and consequently a bill of exceptions cannot be taken.

For this reason, the judgment of the Circuit Court must be affirmed with costs.

*Judgment affirmed.*

(1) Breese 162.     (2) *Ante* 165. See note at the end of this case.